**Order filed February 21, 2013**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-13-00071-CV
_____

**LIZZIE J. LOVALL, INDIVIDUALLY; KEITH L. SHAW;
INDIVIDUALLY: KENNETH L. YOUNG; INDIVIDUALLY; KIM L.
SHAW, INDIVIDUALLY, Appellants**

**V.**

**HARRIS COUNTY, TEXAS, INDIVIDUALLY, OFFICIALLY AND
VICARIOUSLY; MAY WALKER, CONSTABLE, PRECINCT 7,
INDIVIDUALLY; RUTH MCDUGLE, INDIVIDUALLY; DARLA
TURNER, INDIVIDUALLY; JOHN K. GEORGE, OFFICIALLY,
INDIVIDUALLY; GOW-MING CHAO, INDIVIDUALLY; ET AL,
Appellees**

**On Appeal from the 190th District Court
Harris County, Texas
Trial Court Cause No. 2011-23410**

## ORDER

According to information provided to this court, appellant may be attempting to appeal an interlocutory order. Our records reflect that the trial

court's order was signed December 27, 2012. Our information reflects that the order is interlocutory.

The clerk's record has not been filed in this appeal. The District Clerk has informed this court that appellant did not pay for preparation of the clerk's record. In response to notices from this court, appellant informed this court that she filed a an affidavit of indigence with the trial court. We have not been advised whether a contest to the affidavit was filed, and if so, the ruling on the contest.

To determine our jurisdiction over this appeal, and if jurisdiction exists, whether appellant is entitled to proceed without the advance payment of costs, we issue the following order for a partial clerk's record.

We order the Harris County District Clerk to file a partial clerk's record with the clerk of this court on or before **March 15, 2013.** In order that this court may ascertain its jurisdiction over the appeal, the **partial clerk's record** shall contain **(1)** the judgment being appealed; **(2)** any motion for new trial, other post-judgment motion, or request for findings of fact and conclusions of law; **(3)** the live pleadings at the time the order was signed; and **(4)** the notice of appeal. In addition, the **partial clerk's record** shall contain: **(5)** appellant's affidavit of indigence, if any; **(6)** the contest(s) to the affidavit of indigence, if any; **(7)** the trial court's order ruling on any contest; **(8)** any other documents pertaining to the claim of indigence and the contests thereto.


PER CURIAM